***********
The Full Commission reviewed the prior Decision and Order based upon the record of the proceedings before Deputy Commissioner Gregory and the briefs before the Full Commission. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Decision and Order, except for minor modifications. Accordingly, the Full Commission affirms the Decision and Order of Deputy Commissioner Gregory with minor modifications.
 ***********
The Full Commission find as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
 STIPULATIONS
Stipulated Exhibit #1 consisting of plaintiff's medical records.
 ***********
Based upon all of the competent evidence of record, the Full Commission makes the following additional:
 FINDINGS OF FACT
1. Plaintiff first became incarcerated on January 14, 1999. On January 14, 1999, plaintiff underwent a medical examination at Central Prison at which time it was noted on the medical report that plaintiff had low back problems following a gunshot wound. Furthermore, there is a notation of abnormal urinalysis without further detail. In addition, according to plaintiff, he told Dr. Cohn at Central Prison about his back condition and urination difficulties. *Page 3 
2. On April 29, 1999, plaintiff was seen in the emergency department for chronic back pain and it was noted that plaintiff has a bullet in his spine. While plaintiff indicated that he was not experiencing difficulty starting his flow of urine, bladder and bowel function were both raised as medical concerns.
3. On May 11, 2000, plaintiff was incarcerated at Marion Correctional Facility at which time plaintiff was awakened in the middle of the night for a routine urine sample for drug testing in accordance with defendant's policy. However, plaintiff was unable to urinate on command due to his back condition and suffered pain and frustration in attempting to urinate. Plaintiff requested a catheter or to provide a blood sample. However, plaintiff's requests were denied by Nurse Kissenger and plaintiff faced a "write-up." The next morning Nurse Holyfield provided plaintiff with a catheter and made an appointment with Dr. Lowry to evaluate plaintiff's condition.
4. Later on May 11, 2000, at approximately 12:30 p.m., plaintiff was seen by defendants nurse and told his specimen was normal and he was placed on a list to be evaluated by a doctor. Nevertheless, plaintiff's urine sample was not accepted because it was late and plaintiff was therefore subjected to disciplinary action. Due to the fact that plaintiff had to request medical assistance to obtain a catheter he was charged $5.00. Plaintiff was angry considering the circumstances and suffered emotional distress.
5. On May 25, 2000, plaintiff reported a history of bladder dysfunction. However, the medical staff failed to conclude from the previous medical records that plaintiff could suffer any such problem even though the earlier records indicate a back condition which was surgically treated and concerns with urinary dysfunction. Furthermore, plaintiff related to the doctor at Central Prison that he had in fact suffered some urinary dysfunction. *Page 4 
6. On September 8, 2000, plaintiff was seen by defendant's nurses for complaints of bladder and bowel dysfunction.
7. On February 8, 2001 plaintiff filed his tort claim with the Industrial Commission. Plaintiff alleges in his affidavit that, on May 11, 2000, he was falsely and negligently accused of refusing to submit to a urinalysis.
8. The medical records reveal back complaints and concerns with urination and bowel function to defendant's medical staff prior to May 11, 2000. Specifically, the gunshot wound is noted and urinalysis is listed as abnormal on January 14, 1999 and plaintiff had complaints in April 1999 and was assigned a bottom bunk. In addition, the Full Commission hereby accepts as credible that plaintiff related his permanent back injury and resulting difficulties to Dr. Cahn at Central Prison.
9. Defendant knew or should have known of plaintiff's medical problems and potential difficulties with urination and in light of plaintiff's condition should have exercised reasonable care in administering the drug test policy.
10. Defendant's actions in implementing the urinalysis were unreasonable under the circumstances considering plaintiff's medical condition. Accordingly, defendant breached its duty of reasonable care to plaintiff.
11. However, defendant did in fact provide plaintiff with an examination by Dr. Lowry and a note for a catheter on a DC-490 on September 20, 2000. Nevertheless, this DC-490 expired after 90 days and plaintiff's medical condition is permanent.
12. Plaintiff has proven that defendant's negligence proximately caused damages including pain, and a $5.00 charge for a medical visit. Based upon the evidence of record, including the testimony of plaintiff, the Full Commission finds the amount of $250.00 to be reasonable compensation *Page 5 
for the pain incurred by plaintiff. Thus, plaintiff is entitled to reasonable damages in the amount of $255.00. Based upon the directive of the North Carolina Court of Appeals in this matter, the Full Commission finds there to be insufficient evidence to support plaintiff's claim for negligent infliction of emotional distress.
 ***********
The foregoing findings of fact and conclusions of law engender the following additional:
 CONCLUSIONS OF LAW
1. Defendant owes a duty of care to plaintiff to implement policies and procedures in a reasonable manner considering plaintiff's physical condition. N.C. Gen. Stat. § 143-291 et seq. Defendant breached its duty of care to plaintiff. Id. Defendant knew or should have known of plaintiff's medical condition and accordingly should have implemented its policy regarding drug screening in a reasonable manner in light of plaintiff's medical condition. Id.
2. Defendant's negligence proximately caused plaintiff pain, and a $5.00 appointment charge incurred by plaintiff, unnecessary disciplinary action, and emotional distress. N.C. Gen. Stat. § 143-299.1. Accordingly, plaintiff is entitled to reasonable damages in the amount of $255.00. Id.
 ***********
Based upon the foregoing findings of fact and conclusions of law, the undersigned enters the following
 ORDER
1. Defendants shall pay plaintiff $255.00 in damages as a proximate result of defendant's negligence.
2. Defendant shall pay the costs due this Commission.
This 28th day of June 2007.
 S/_____________
 CHRISTOPHER SCOTT
 COMMISSIONER
CONCURRING:
S/_____________ DANNY LEE McDONALD COMMISSIONER
S/_____________ DIANNE C. SELLERS COMMISSIONER